NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1317
_____

UNITED STATES OF AMERICA

v.

DANIEL WHEELER,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:21-cr-00352-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 14, 2026


Before: SHWARTZ, MASCOTT, and McKEE, *Circuit Judges*

(Opinion filed: June 5, 2026)

_____

OPINION*

_____



McKEE, *Circuit Judge*.



_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Daniel Wheeler challenges the procedural and substantive reasonableness of his 168-month sentence for distributing heroin and fentanyl resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  For the reasons set forth below, we will affirm the District Court's judgment.[1]

We review the procedural and substantive reasonableness of Wheeler's sentence for abuse of discretion.[2] When reviewing a sentence for reasonableness, we first consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range."[3] Second, we consider the substantive reasonableness of the sentence imposed, "tak[ing] into account the totality of the circumstances."[4] "[I]f the district court's sentence is procedurally

---

[1] Although we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to review "allege[d] sentencing errors based upon a mistake of law or an incorrect application of the Guidelines . . . , we lack jurisdiction to review the extent of" discretionary downward departures. *United States v. Torres*, 251 F.3d 138, 145 (3d Cir. 2001). Thus, to the extent Wheeler seeks review of the amount of the departure granted, we lack jurisdiction to provide such review. *See, e.g., id.* at 143, 145 (concluding that there was no jurisdiction to review the defendant's substantive challenge that "the District Court erred by failing to grant him a downward departure greater than the one month he received").
[2] *United States v. Jackson*, 132 F.4th 266, 272 (3d Cir. 2025), cert. denied, 223 L. Ed. 2d 504 (Jan. 12, 2026).
[3] *Gall v. United States*, 552 U.S. 38, 51 (2007).
[4] *Id.*

sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[5]

The District Court granted a downward departure and sentenced Wheeler to 168 months' imprisonment. Wheeler contends that the District Court should have departed further from the Guidelines range. In fashioning a sentence, however, the District Court considered the information the parties presented, explained its basis for granting a departure, followed our precedent regarding the § 3553(a) factors, and acknowledged its discretion in determining the amount to depart.[6] It cannot be said that no reasonable court would have imposed a 168-month sentence on Wheeler for distributing heroin and fentanyl resulting in death. The District Court's sentence was procedurally and substantively reasonable. Accordingly, we will affirm the District Court's judgment.

---

[5] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).
[6] As stated previously, we lack jurisdiction to review that determination. *Torres*, 251 F.3d at 143,145.